IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
ERICK GACHUHI WANJIKU,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   Case No.14-2001-RDR
                                  )
JOHNSON COUNTY, KANSAS,           )
LENEXA POLICE DEPARTMENT,         )
STEVE GRIGSBY (Detective)         )
          Defendant.              )
```

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se, contends that the defendants violated his civil rights when they prosecuted and detained him. He further alleges that they destroyed evidence and personal property. Plaintiff brings this case against Johnson County, Kansas; Lenexa Police Department; and Steve Grigsby, a detective with the Lenexa Police Department. This matter is presently before the court upon the motion to dismiss of defendants Lenexa Police Department and Grigsby. Plaintiff has failed to timely respond to the defendants' motion. The court is now prepared to rule.

I.

In the instant motion, defendant Lenexa Police Department contends that it is entitled to dismissal because plaintiff has failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Specifically, this defendant argues that

dismissal is appropriate because it is an entity that cannot be sued under Kansas law. Defendant Grigsby argues that he should be dismissed for insufficiency of service of process under Fed.R.Civ.P. 12(b)(5). He contends that plaintiff did not properly serve him under Fed.R.Civ.P. 4(e).

II.

Defendant Lenexa Police Department contends that it is not an entity capable of being sued. The court agrees. Under Kansas law, absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued. Mason v. Twenty-Sixth Judicial Dist., 670 F.Supp. 1528, 1555 (D.Kan. 1987); Hopkins v. State, 237 Kan. 601, 702 P.2d 311, 316 (1985). There are no Kansas statutes giving a municipal police department the capacity to sue or be sued. Brodski v. Topeka Police Dept., 437 Fed.Appx. 641, 643 (10th Cir. 2011). Because the Kansas legislature has not authorized suits against municipal police departments, plaintiff's attempted claim against the Lenexa Police Department must be dismissed.

III.

Defendant Grigsby contends that plaintiff did not properly serve the complaint and summons on him. He concedes that service by certified mail is proper under Kansas law, but that plaintiff erred by serving him at his place of business without

first attempting to serve him at his residence.

A federal court is without personal jurisdiction over a defendant if service of process is found to be insufficient under Rule 4. Oltremari v. Kan. Soc. & Rehab. Serv., 871 F.Supp. 1331, 1348 (D.Kan. 1994). The burden of proof is on plaintiff to establish the adequacy of service of process. Id. at 1349.

Under Fed.R.Civ.P. 4(e), service upon an individual from whom a waiver has not been obtained and filed may be effected by: (1) following the law of the state in which the district is located; (2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving copies at the person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Kansas law allows for service upon an individual by certified mail to that individual's "dwelling house or ususal place of abode," K.S.A. 60-303(c), 60-304(a), but does not allow service by certified mail to a business address, unless and until the "certified mail to the individual's dwelling house or ususal place of abode is refused or unclaimed." K.S.A. 60-304(a). In the latter event, such service is permitted only "after filing a return on service stating the certified mailing

to the individual at such individual's dwelling house or ususal place of abode has been refused or unclaimed." Id. Kansas law allows for effective service if the party substantially complies with the statutory method of service. K.S.A. 60-204. But, substantial compliance does not suffice unless the party served is aware of the suit as a result of the substantial compliance with the service of process. Id.

There is conflicting authority within the District of Kansas over whether the method of service in this case is in substantial compliance with service of process requirements. See Nicks v. Brewer, 2010 WL 4868172 (D.Kan. 2010). However, since the decision in Nicks, the Kansas Supreme Court has determined that service upon an individual at his place of business without first attempting to serve him at his dwelling place does not constitute substantial compliance under Kansas law. Fisher v. DeCarvalho, 314 P.3d 214, 220 (2013).

The facts before the court show that plaintiff paid the filing fee in this case and handled the service of the complaint and summons. He sent the summons and complaint to each defendant by certified mail. He sent the summons and complaint to defendant Grigsby at his place of business, the Lenexa Police Department.

The facts do not show that plaintiff first attempted to

4

serve process on Grigsby at his dwelling.  Rather, the facts show that he sent the summons and complaint only to the Lenexa Police Department.  Because service at a place of business may only be used as a secondary method, plaintiff did not comply with Rule 4(e) and service of process was insufficient. Accordingly, the court shall grant defendant's motion to dismiss.

IT IS THEREFORE ORDERED that the motion to dismiss of defendants Lenexa Police Department and Steve Grigsby (Doc. # 3) be hereby granted.  The court hereby dismisses plaintiff's claim against defendant Lenexa Police Department for failure to state a claim upon which relief can be granted.  The court further hereby dismisses plaintiff's claim against defendant Steve Grisgby without prejudice for insufficiency of service of process.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2014, at Topeka, Kansas.

 s/Richard D. Rogers  
Richard D. Rogers  
United States District Judge