**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
ERICK GACHUHI WANJIKU,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    Case No. 14-2001-RDR
                                  )
                                  )
JOHNSON COUNTY, KANSAS,           )
LENEXA POLICE DEPARTMENT,         )
STEVE GRIGSBY (Detective)         )
                                  )
            Defendants.           )
```

MEMORANDUM AND ORDER

This matter is presently before the court upon plaintiff's motion for entry of default judgment and defendant's motion to dismiss. Having carefully reviewed the background of this case, the court is now prepared to rule.

I.

Plaintiff, proceeding *pro se*, filed this case on January 3, 2014. The named defendants were Johnson County, Kansas; Lenexa Police Department; and Steve Grigsby, a detective with the Lenexa Police Department. Plaintiff alleged that these defendants violated his civil rights when they prosecuted and detained him. He further alleged that they destroyed evidence and personal property. On February 11, 2014, plaintiff filed a document entitled "Proof of Service" in which he indicated, without any details, that he had served the defendants by mail.

Defendants Lenexa Police Department and Grigsby filed a motion to dismiss. The court granted this motion on March 3, 2014, finding that the plaintiff had failed to state claim against the Lenexa Police Department under Fed.R.Crim.P. 12(b)(6) and plaintiff had failed to properly serve Grigsby under Fed.R.Civ.P. 12(b)(5).

On April 9, 2014, Magistrate O'Hara issued an order to plaintiff directing him to either file a motion for default judgment against the remaining defendant or show cause why the remainder of the case should not be dismissed for lack of prosecution. Plaintiff responded on April 24, 2014 with an application for clerk's entry of default against Johnson County. Defendant Johnson County filed the instant pleading on May 16, 2014. Plaintiff has failed to timely respond to it.

## II.

In its pleading, Johnson County contends that plaintiff's application for default judgment should be denied. Johnson County further contends that plaintiff's claims should be dismissed for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5).

Johnson County points out that it first received notice of this case when it received in the mail a copy of plaintiff's request for entry of default. Johnson County notes that Judge

O'Hara had directed plaintiff to serve a copy of the request for entry of default upon Johnson County and had provided plaintiff with an address for the Johnson County Legal Department. Johnson County contends that this action should be dismissed because plaintiff has never properly served it under Kansas law. Johnson County further notes that plaintiff cannot assert substantial compliance with Kansas law because plaintiff has made no effort to determine who should receive process in this case. Finally, Johnson County argues that plaintiff's request for the clerk's entry of default should be denied due to plaintiff's failure to make proper service.

III.

A federal court is without personal jurisdiction over a defendant if service of process is found to be insufficient under Rule 4. Oltremari v. Kan. Soc. & Rehab. Serv., 871 F.Supp. 1331m 1348 (D.Kan. 1994). The burden of proof is on plaintiff to establish the adequacy of service of process. Id. at 1349.

Under Fed.R.Civ.P. 4(j)(2), service upon a state or local government defendant who has not filed a waiver of service may be effected by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for

3

serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j)(2). Under Kansas law, a plaintiff may effect service by return receipt delivery, personal service or residence service. K.S.A. 60-303. To serve a county under Kansas law, plaintiff must serve (1) one of the county commissioners; (2) the county clerk; or (3) the county treasurer. K.S.A. 60-304(d)(1).

The court agrees with the defendant that plaintiff has not properly served the Board of County Commissioners of Johnson County, the proper defendant for an action against Johnson County, Kansas. The record before the court shows that plaintiff made no effort to serve the defendant pursuant to either federal law or state law. Accordingly, the court shall dismiss this action against defendant Johnson County without prejudice for insufficient service of process. With this decision, the court shall deny plaintiff's request for default judgment.

IT IS THEREFORE ORDERED that the motion to dismiss of defendant Johnson County, Kansas (Doc. # 11) be hereby granted. The court shall dismiss plaintiff's claims against this defendant without prejudice for insufficiency of service of process.

4

IT IS FURTHER ORDERED that plaintiff's request for entry of clerk's default (Doc. # 9) be hereby denied.

**IT IS SO ORDERED.**

Dated this 10th day of June 2014, at Topeka, Kansas.

s/Richard D. Rogers
Richard D ROGERS
United States District Judge